UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL A. ACEVEDO,

    Plaintiff,

v.                                              Case No.:  6:23-cv-1612-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Paul A. Acevedo seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    I.    **Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision**

        A.    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

## B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are

reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

C. **Procedural History**

Plaintiff applied for a period of disability and disability insurance benefits on October 23, 2015, alleging disability beginning December 8, 2012. (Tr. 82, 241-42). Plaintiff later amended the onset date of disability to January 1, 2015. (Tr. 264, 773).

The application was denied initially and on reconsideration. (Tr. 82, 101). Plaintiff requested a hearing and on February 12, 2019, a hearing was held before Administrative Law Judge Pamela Houston. (Tr. 47-69). On May 14, 2019, ALJ Houston entered a decision finding Plaintiff had not been disabled from January 1, 2015, through the date of the decision. (Tr. 106-113). On April 10, 2020, the Appeals Council vacated the prior decision and remanded the claim for further proceedings. (Tr. 119-21).

On September 14, 2020, a second hearing was held before ALJ Houston. (Tr. 31-46). On October 14, 2020, ALJ Houston entered a decision finding Plaintiff had not been disabled from January 1, 2015, through the date of the decision. (Tr. 15-24). On January 15, 2021, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5). Plaintiff appealed the denial of his claim, and on August 15, 2022, the District Court remanded the action to the Commissioner for further proceedings. (Tr. 821-35). The Appeals Council then vacated the prior decision and remanded the claim to an ALJ for further proceedings. (Tr. 838-40).

On remand, a hearing was held on December 9, 2022, before Administrative Law Judge Pedro Tejada-Rivera ("ALJ"). On March 8, 2023, the ALJ entered a decision finding Plaintiff had not been disabled from January 1, 2015, through the date last insured. (Tr. 773-84). Plaintiff requested review, but on July 20, 2023, the Appeals Council found no reason to assume jurisdiction. (Tr. 764-67). Plaintiff

began this action by Complaint (Doc. 1) filed August 23, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 19).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020. (Tr. 775). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of January 1, 2015, through his date last insured of December 31, 2020. (Tr. 775). At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: "degenerative disc disease, psoriasis, and affective disorder." (Tr. 776). At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 776).

Before proceeding to step four, the ALJ found that through the date last insured, Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R §] 404.1567(b) except, he can lift/carry/push/pull 20 pounds occasionally and less than 10 pounds frequently; stand and walk 6 hours in an 8-hour

> workday; sit 6 hours in an 8-hour workday; occasionally climb ramps and stairs but never ladders, ropes, or scaffolds; occasionally stoop, kneel, couch, crawl; frequently balance; never work in proximity to moving mechanical parts or work at high, exposed places; able to perform simple tasks; able to understand, remember, and carry out simple instructions; and limited to work that requires no interaction with crowds (10 or more people), occasional interaction with the public, and frequent interaction with co-workers and supervisors.

(Tr. 777).

At step four, the ALJ determined that through the date last insured, Plaintiff was not capable of performing his past relevant work as a cable installer and cable television line tech. (Tr. 782-83). At step five, the ALJ found that considering Plaintiff's age (48 years old on the date last insured), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (Tr. 783). Specifically, the vocational expert testified that a person with Plaintiff's limitations could have performed such occupations as:

(1) Inspector hand packager, DOT[1] 559.687-074, light, SVP 2

(2) Garment sorter, DOT 222.687-014, light, SVP 2

(3) Garment folder, DOT 789.687-066, light, SVP 2

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

(Tr. 783-84). The ALJ concluded that Plaintiff had not been under a disability from January 1, 2015, the alleged onset date, through December 31, 2020, the date last insured. (Tr. 784).

## II.     Analysis

On appeal, Plaintiff raises three issues:

(1)     The ALJ failed to apply the correct legal standards to the opinions of Plaintiff's treating physician, Dr. Yanez;

(2)     The ALJ failed to apply the correct legal standards to the opinion of Dr. Grant; and

(3)     The ALJ failed to properly articulate the reasons for discrediting Plaintiff's testimony concerning his pain and limitations.

(Doc. 21, p. 5, 10, 13). The Court begins with Dr. Grant's evaluation.

### A.     Carol Grant, M.D.'s Evaluation

Plaintiff argues that the ALJ neither evaluated nor even mentioned Dr. Grant's opinion in the decision. (Doc. 21, p. 11). Plaintiff claims that Dr. Grant found that Plaintiff's subjective complaints were consistent with the objective medical evidence, which contradicts the ALJ's determination of Plaintiff's functional capacity. (Doc. 21, p. 11).

The Commissioner argues that Dr. Grant did not identify any specific functional limitations or offer any specific opinions on what Plaintiff could still do despite his impairments. (Doc. 22, p. 11). The Commissioner claims that Dr. Grant's

declaration that Plaintiff's subjective symptoms are consistent with the objective medical finding has little probative value. (Doc. 22, p. 11).

Plaintiff's argument that the ALJ was required to assign weight to Dr. Grant's opinion has merit. The Commissioner contends that the ALJ was not required to assign weight to Dr. Grant's evaluation because she did not identify specific functional limitations or offer any specific opinion about what Plaintiff could still do despite his impairments. (Doc. 22, p. 11). The Commissioner claims the Regulations in effect at the time did not require the ALJ to assign weight to Dr, Grant's evaluation or to her allegedly vague statement that Plaintiff's subjective complaints are consistent with the objective medical findings. (Doc. 22, p.11-12). Contrary to this argument, based on the language of the Regulations and the legal authority in effect at the time, the ALJ was required to evaluate and assign weight to Dr. Grant's opinion.

For disability cases filed before March 27, 2017[2] – such as this one – at step four, an ALJ must properly consider treating physicians, examining physicians, non-examining physician, and other source opinions, and weigh these opinions and findings as an integral part of the ALJ's RFC determination. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). Whenever a physician

---

[2] For disability cases filed after March 27, 2017, new regulations apply and the ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. *See* 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a).

offers an opinion about the nature and severity of a claimant's impairments—including the claimant's symptoms, diagnosis, and prognosis; physical and mental restrictions; or what the claimant can still do—the ALJ must state with particularity the weight given to the opinion and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such an explanation, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart*, 662 F.2d at 735).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* "The ALJ is to consider a number of factors in determining how much weight to give to each medical opinion: (1) whether the doctor has examined the claimant; (2) the length, nature, and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's 'opinion is with the record as a whole'; and (5) the doctor's

specialization." *Forsyth v. Comm'r of Soc. Sec.*, 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).

On February 23, 2016, Dr. Grant completed an evaluation of Plaintiff. (Tr. 590-93). Dr. Grant noted that Plaintiff was in a car accident in December 2012, and was treated with multiple courses of medication, physical therapy, and acupuncture, but continued to experience pain. (Tr. 590). She also noted that Plaintiff had undergone multiple injections, but continued to experience pain, and complained of constant pain in the low back that radiated to both feet, frequent paresthesias, and occasional numbness of the lower extremities. (Tr. 590). Plaintiff claimed that his pain was exacerbated by standing, walking, or sitting for more than 10 minutes, and obtained mild relief from laying flat on his back. (Tr. 590). Dr. Grant's evaluation included findings of tenderness and limited range of motion in various areas. (Tr. 592). After a full evaluation, Dr. Grant diagnosed Plaintiff with chronic low back pain with radiculopathy, depressions, anxiety disorder, lumbar disc disease, cervical disc disease, chronic neck pain, and nicotine dependence. Tr. 592). Dr. Grant concluded that "[t]he patient's subjective complaints are consistent with the objective medical findings." (Tr. 593).

The Regulations define medical opinions as, "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can

still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1); *see also Winschel*, 631 F.3d at 1178-79. Dr. Grant's evaluation reflected her judgment about the nature and severity of Plaintiff's impairments, and included a recitation of his symptoms and a diagnosis. (Tr. 590-93). She found the objective medical findings supported Plaintiff's subjective complaints, which included pain being aggravated by standing, walking, or sitting for more than 10 minutes. (Tr. 590). Dr. Grant's findings directly conflicted with the ALJ's RFC assessment of being able to perform light work – standing and walking 6 hours, and sitting six hours in an 8-hour workday. (Tr. 778). Under the Regulations and legal authority in effect at the time of the application, the ALJ was required to assign weight to Dr. Grant's opinion.

The Commissioner also argues that while the ALJ did not weigh Dr. Grant's opinion, State agency medical consultant Minal Krishnamurthy, M.D. considered Dr. Grant's opinion and the ALJ accorded partial weight to Dr. Krishnamurthy's opinion, but found Plaintiff had greater postural limitation than found by Dr. Krishnamurthy. (Doc. 22, p. 10-11). While Dr. Krishnamurthy may have considered Dr. Grant's evaluation, the ALJ failed to weigh it. Thus remand is warranted to weigh Dr. Grant's opinion.

## B. Subjective Complaints

Plaintiff claims that the ALJ rejected Plaintiff's testimony on his physical and mental impairments solely based on lack of objective medical evidence. (Doc. 21, p. 15). Plaintiff argues that he should have considered other relevant factors. (Doc. 21, p.15).

The Commissioner argues that the ALJ properly considered Plaintiff's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence. (Doc. 22, p. 12). The Commissioner relies on one statement by the ALJ, repeated at least four times throughout the evaluation of the opinion evidence, to show that the ALJ properly considered Plaintiff's subjective complaints. (Doc. 22, p. 13). The Commissioner also claims that the ALJ considered Plaintiff's treatment records, including conservative medication treatment, and finally Plaintiff's daily activities. (Doc. 22, p. 14-15). These arguments are unavailing.

Generally, a claimant may establish that he is disabled through his own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity

>that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210).

When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019).

The ALJ should consider these factors along with all the evidence of record. *Ross*, 794 F. App'x 867. If the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court]

to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and brackets omitted).

In the decision, regarding Plaintiff's subjective complaints, the ALJ found:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 778). After this statement, the ALJ proceeded to summarize the medical evidence of record. (Tr. 779-80).

Next, the ALJ considered the opinion evidence of record, starting with the State agency medical consultants' opinions. (Tr. 780-81). The Commissioner argues that the ALJ considered Plaintiff's subjective complaints in discounting the medical providers' opinions. In affording partial weight to these opinions because the record supported greater limitations than found in these opinions, the ALJ stated: "[h]owever, treatment records also consistently show normal strength in all extremities, normal gait, no use of an assistive device, ability to lift both arms overhead, ability to rise from a seated position, and stable pain symptoms with conservative medication treatment (Ex. 3F; 6F; 7F; 12F; 14F; 15F; 19F)." (Tr. 780-82). The ALJ repeated this exact sentence in affording little and partial weight to Dr. Yanez's opinions, and affording partial weight to Dr. Schmitter's opinion. (Tr. 781-

82). The ALJ did not relate this statement to Plaintiff's subjective complaints of pain, or any limitations from the pain or other ailments. The only daily activity the ALJ mentioned was that Plaintiff cared for his physically disabled father who he had to pick up off the floor, which increased his back pain. (Tr. 779). This activity does not conflict with Plaintiff's subjective statements of pain and other ailments. The ALJ did consider Plaintiff's pain, his medications, and other treatments, but did not include any analysis of how these factors show that Plaintiff's statements conflicted with the medical and other evidence of record. Remand is warranted on this issue.

### C.     Remaining Issue

Plaintiff also challenges whether the ALJ properly considered Dr. Yanez's opinions. Rather than deciding this issue, because this action is remanded on other grounds that may affect the remaining issue, on remand, the Commissioner is directed to reconsider this issue as well.

### III.    Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to weigh Dr. Grant's opinion, reconsider Dr. Yanez's opinion, and reconsider Plaintiff's subjective complaints.

The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on August 26, 2024.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties